D. OrmoNde Ritchie, J.
On this motion the defendant seeks an order dismissing the first cause of action alleged in the complaint and granting summary judgment in favor of the defendant thereon.
The first cause of action seeks a judgment directing defendant specifically to perform in accordance with an option granted plaintiff to purchase real property owned by defendant. It is alleged in the first cause of action that the option to purchase was acquired by virtue of paragraph 28 of a lease executed by the parties dated February 24, 1958. In addition to the agreement of lease dated February 24, 1958, the parties entered into an agreement wherein defendant agreed to sell to plaintiff an automobile sales agency conducted by defendant on the premises leased upon plaintiff’s election to purchase the agency within one year after the date of the agreement. The purchase agreement provided for a cancellation thereof by plaintiff upon his giving defendant notice of such cancellation 30 days prior to March 1, 1959. On January 16, 1959, by letter addressed to *1008 defendant the plaintiff notified defendant of ids election to cancel the agreement to purchase the business. In that letter plaintiff stated the following reservation: “ Please Take Further Notice That you are hereby required (a) to refund to me forthwith the sum of Three Thousand ($3,000.00) Dollars by certified check, (b) to cancel and deliver up to me the two promissory notes, each in the amount of $8,500.00, the first of which notes was made payable March 1,1959, and the second of which notes was made payable March 1, 1960, which two said promissory notes were executed and delivered by me to you at the time of the signing and delivery of the said Agreement, (c) to refund to me a sum of money representing the cost price of gas, oil and tires in stock on March 1,1959, on which day you may take inventory of the said merchandise, by previous arrangement with me as to time and place, and (d) to cancel the Lease of the premises at East Hampton, New York, at which the business referred to in the said Agreement is conducted, which Lease is dated the 1st day of March, 1958, excepting from said cancellation of Lease any and all rights, titles and interests heretofore vested in me by virtue of the provisions of the said Lease until the time of cancellation herein demanded, including, but not limited to, my right to purchase the land and building demised by the said Lease, as more particularly set forth in paragraph numbered 28th of the said Lease.”
In the agreement of purchase of the business a provision was included that stated “ 7. The parties hereto agree that this contract may be cancelled by the Employee giving notice to the Employer on or before the 1st day of March, 1959, in which event, within ten (10) days, the Employer shall refund to the Employee the sum of Three Thousand ($3,000.00) Dollars by certified check, shall cancel and deliver up the aforesaid promissory notes in the sum of Seven Thousand ($7,000.00) Dollars, and shall cancel the Lease of the premises at East Hampton, New York, at which the business is conducted, which Lease is dated the 1st day of March, 1958, and simultaneously the Employer shall refund to the Employee a sum of money representing the cost price of gas, oil and tires in stock on March 1st, 1959, whereupon the respective parties hereto shall have or make no claim against each other for any matters arising out of this Agreement.”
It is apparent from both instruments that the option to purchase the realty was predicated upon an exercise of the option to purchase the business. The reservation in plaintiff’s letter does not operate to vary the written agreements of the parties. In rescinding the agreement to purchase the business, the plain *1009 tiff foreclosed himself of an exercise of the option granted in the lease. The letter of the defendant’s attorney to the attorney for the plaintiff cannot and does not operate to vary the terms of the agreements as written.
The motion is granted.